UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES LUCERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIKE MANGAS, SINCLAIR MEDIA LICENCEE, dba KRCR-TV,<br><br>　　　　Defendants. | No.  2:25-cv-1079 DC AC (PS)<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff paid the filing fee and is proceeding in this matter pro se; pre-trial proceedings are accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Defendants filed a motion to dismiss this case.  ECF No. 9.  Plaintiff opposed the motion (ECF No. 12), and filed a motion for leave to file supporting exhibits (ECF No. 17).  Defendants submitted a reply.  ECF No. 13.  For the reasons set forth below the undersigned recommends defendants' motion to dismiss be GRANTED.

　　　　As a preliminary matter the court notes that, except in rare circumstances not present here, courts to not consider evidence outside the pleadings in ruling on motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  Accordingly, plaintiff's motion for leave to file exhibits (ECF No. 17) is DENIED.

////

////

# I. Background

## A. The Complaint

Plaintiff Dolores Lucero was a council member for the City of Shasta Lake as well as a community activist. ECF No. 1 at 2. On July 10, 2014, KRCR-TV, through reporter Mike Mangas, broadcasted a news segment stating that plaintiff was found guilty of electron fraud; plaintiff alleges this statement was false. Id. at 2. Plaintiff alleges that the false report included sensational visuals, including a background featuring John Walsh from "America's Most Wanted," implying a connection to criminal notoriety. Id. Plaintiff alleges Mangas knowingly and maliciously broadcasted the false statements. Id. Though the complaint does not detail causes of action, in the caption plaintiff states that her complaint seeks relief for defamation, intentional infliction of emotional distress, violations of civil rights, and violations of FCC regulations. ECF No. 1 at 1.

## B. Motion to Dismiss

Defendants move to dismiss on several grounds: (1) the defamation and intentional infliction of emotional distress claims are time-barred; (2) the news report on which Lucero's claims are based is a fair and true report of a judicial proceeding that is absolutely privileged under California Civil Code § 47(d); (3) Lucero lacks standing to assert a claim against defendants for allegedly violating a policy of the Federal Communications Commission ("FCC"); and (4) defendants cannot be liable under 42 U.S.C. § 1983 because they are not government actors, and there is no close nexus between the state and Defendants' conduct giving rise to Lucero's claims. ECF No. 9 at 2.

# II. Analysis

## A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend,

unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff Cannot Sue for FCC Policy Violations

Plaintiff cannot sue defendants for violations of the FCC distortion policy because the right to enforce that policy belongs to the FCC itself. The Federal Communications Commission ("FCC") is a federal agency "empowered it to regulate communications services." Fed. Commc'ns Comm'n v. Consumers' Rsch., 606 U.S. __, No. 24-354, 2025 WL 1773630, at *4 (June 27, 2025). Plaintiff asserts a cause of action arising from defendants' alleged violation of the FCC's "news distortion policy" (ECF No. 1 at ¶ 18), but no private cause of action permits individuals to enforce that policy via lawsuits. "It is axiomatic that private rights of action must be created by Congress." Greene v. Sprint Commc'ns Co., 340 F.3d 1047, 1050 (9th Cir. 2003). Congress has not created any right of action for enforcement of FCC's distortion policy. Instead, the responsibility for enforcing the FCC's "policy against 'news distortion'" in certain instances of alleged inaccuracy or bias is left to the FCC. See, e.g., Broadcast News Distortion, FCC (July 18, 2024), https://www.fcc.gov/broadcast-news-distortion. Because there is no private cause of action through which plaintiff can enforce this FCC policy, plaintiff cannot move forward on this claim.

### C. Plaintiff's Tort Claims are Barred by the Statute of Limitations

Plaintiff's tort claims for defamation and intentional infliction of emotional distress are both subject to a one year statute of limitations, meaning that a plaintiff must file a lawsuit within one year of the incident giving rise to the alleged violation. Cal. Civ. Proc. § 340(c). The limitations period for a defamation claim begins to run on the date of publication of the statement at issue, regardless of when the plaintiff learns of it. See, e.g., Long v. Walt Disney Co., 116 Cal. App. 4th 868, 874 (2004) ("[T]he discovery rule . . . does not apply when the allegedly defamatory material is included in a mass media publication" like "radio and television programs[.]"). This one-year statute of limitations applies to causes of action for libel or slander and to all other tort claims "based on an offensive statement that is [allegedly] defamatory," and "plaintiffs have not been allowed to circumvent the statutory limitation by proceeding on a theory

4

other than defamation." Fellows v. Nat'l Enquirer, Inc., 42 Cal. 3d 234, 240 (1986). Accordingly, the one-year period applies to both the defamation claim and the intentional infliction of emotional distress claim that is based on the alleged defamation.

Here, plaintiff's claims for both defamation and intentional infliction of emotional distress accrued on July 10, 2014, the date of the broadcast at issue. ECF No. 1 at 2; see Long, 116 Cal. App. at 875 (explaining emotional distress claim accrues at publication date when emotional distress is based on the content published). This lawsuit was filed nearly eleven years later, far outside the one-year limitations period. Plaintiff argues in her opposition that three "republications" by third parties who repeated the allegedly defamatory statements re-started the limitations period. ECF No. 12 at 2. This is not the case. "The rule that each publication of a defamatory statement gives rise to a new cause of action for defamation applies when the *original* defamer repeats or recirculates his or her original remarks to a new audience." Shively v. Bozanich, 31 Cal. 4th 1230, 1243 (2003), as modified (Dec. 22, 2003) (emphasis added). There is no allegation that defendants themselves re-published the statements, and repetition by third parties does not re-start the limitations period or create a new cause of action against the original publisher. Accordingly, plaintiff's claims for intentional infliction of emotional distress and defamation are time-barred and must be dismissed.

D. Plaintiff Fails to State a Claim for Civil Rights Violations

Plaintiff asserts that defendants' conduct violated her civil rights "under 42 U.S.C. § 1983, as it targeted Plaintiff's right to freedom of speech and political participation, creating a chilling effect on her public involvement." ECF No. 1 at 4. Section 1983 creates a cause of action for constitutional violations committed by state and municipal government officials and employees. See West v. Atkins, 487 U.S. 42, 48 (1988). Private individuals and entities come within the scope of the statute only if they are engaged in action "under color of law," 42 U.S.C. § 1983, which means that "constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." Naoko Ohno v. Yuko Yasuma, 723 F.3d 984, 994 (9th Cir. 2013) (emphasis in original).

Defendants here are private actors, and as such can be liable under §1983 only if plaintiff

5

shows that (1) they harmed her while exercising "a right or privilege having its source in state authority" *and* (2) they "may be appropriately characterized as state actors." Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 954-55 (9th Cir. 2008). "Some of the factors to consider in determining whether there is a "close nexus" [between private defendants and the state] are: (1) the organization is mostly comprised of state institutions; (2) state officials dominate decision making of the organization; (3) the organization's funds are largely generated by the state institutions; and (4) the organization is acting in lieu of a traditional state actor." Id. at 955.

The complaint itself makes clear that defendants are not state actors, nor were they plausibly acting on behalf of or in "close nexus" with the state. Plaintiff alleges defendant Sinclair Media, for whom Mike Mangas reported, is a subsidiary of Sinclair Broadcast Group, Inc., a corporation with its principal place of business in Maryland. ECF No. 1 at 3. In her opposition to the motion to dismiss, plaintiff argues that defendants acted in concert with the state in that a school board official relied on defendants' false report "to suppress political activity (a recall petition), linking the media's conduct to state retaliation." ECF No. 12 at 3. The court rejects this theory. The fact that a public official later relied on a private news company's report does not convert that report into a state action. There are no allegations that the government was involved in the original broadcast in any way. Because defendants were plainly not state actors or acting in close nexus with the government, the civil rights claims must be dismissed.

### III. Leave to Amend Is Not Appropriate

Leave to amend is not appropriate in this case because plaintiff's complaint does not present any civil cause of action that is both timely and plausible, and the addition of facts cannot cure the defects. The facts of the complaint are clear, and amendment would be futile. Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate in situation in which, as here, the defects cannot be cured. Noll v. Carlson, 802 F.2d 1446, 1448 (9th Cir. 1987).

### IV. Pro Se Plaintiff's Summary

The magistrate judge is recommending that defendants' motion to dismiss be granted, and that this case be closed. You may object to this recommendation within 21 days. The district

judge will make the final decision. Your request to file evidence is denied because evidence outside the complaint is not considered on a motion to dismiss.

### V.  Conclusion

Plaintiff's motion for leave to file evidence (ECF No. 17) is DENIED. Further, it is hereby RECOMMENDED that defendants' motion to dismiss (ECF No. 9) be GRANTED and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 23, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE